ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2014 SEP 10 PM 3:27
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ROYLEE SMITH, | ) | |
| Plaintiff, | ) | |
| v. | ) | CV 314-078 |
| TELFAIR STATE PRISON, | ) | |
| Defendant. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed, (doc. nos. 5, 7). The Magistrate Judge recommended dismissal of Plaintiff's complaint and his request to proceed *in forma pauperis* because (1) he has at least three strikes under the three strikes provision of the Prisoner Litigation Reform Act and did not meet the "imminent danger" exception to this provision, and (2) he provided false information about his prior filing history in federal court. (See doc. no. 3.)

In his objections, Plaintiff claims for the first time that he is under imminent danger of serious physical injury because his current cellmate (1) is serving a sentence for murder, (2) "has a history of stabing [sic] other inmates and cutting himself," (3) has a "racial tattoo (outlaw) (AB) against (Blacks)," (4) is a level three mental health patient, (5) has served over twenty years in prison, and (6) "has told plaintiff not to go to sleep while [] inside this cell." (Doc. no. 5, pp. 3, 5-6; doc. no. 6, pp. 2-3.)

Plaintiff merely speculates that his cellmate *might* assault him because he has a history of assaulting other inmates, harming himself, and is in jail for a violent crime. However, Plaintiff's cellmate has not assaulted him or even threatened him with any injury, much less a serious physical injury. Plaintiff's bare speculation that an assault is possible because of his cellmate's history and that he told him "not to go to sleep while [] inside the cell" is insufficient to satisfy the imminent danger exception. See Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004) (finding imminent danger of serious physical injury where plaintiff alleged total withdrawal of treatment for HIV and hepatitis which caused him to suffer severe ongoing complications); Bingham v. Owens, CV 311-019, 2011 WL 5358651, at *4 (S.D. Ga. Sept. 16, 2011) *report and recommendation adopted sub nom.* Bingham v. Morales, CV 311-019, 2011 WL 5358594 (S.D. Ga. Nov. 4, 2011) (holding plaintiff failed to qualify for imminent danger exception where he alleged "that he is placed at risk by having to leave his cell door open during prisoner counts, which he argues leaves him vulnerable to a possible attack by other inmates").

Moreover, even if Plaintiff could satisfy the imminent danger exception, his complaint would still be subject to dismissal on the separate ground that he provided false information about his prior filing history in federal court. (Doc. no. 3, pp. 3-5.) Plaintiff claims for the first time in his objections that he did not lie because writing "N/A" satisfies the requirements for disclosure of previous federal lawsuits on the "Form to Be Used by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983." (Doc. no. 7, p. 3.) The form requires Plaintiff to "describe each lawsuit," but instead Plaintiff merely wrote "N/A," indicating that the section was not applicable to him. As

the Magistrate Judge stated in his R&R, dismissing a case as a sanction for providing false information about prior filing history is well established in this District. (Id.) Accordingly, because Plaintiff's objections do not provide any reason to deviate from the conclusion in the R&R, the Court **OVERRULES** his objections.

Plaintiff also requests leave to file an amended complaint in which he wishes to add the above allegations concerning his cellmate, and allegations that defendants are not government employees entitled to qualified immunity and are liable for punitive damages. (Doc. no. 6.) While leave to amend should ordinarily be given freely, the court may deny leave for reasons such as "repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of amendment, and futility of amendment." See Carvel v. Godley, 404 F. App'x 359, 361 (11th Cir. 2010) (*per curiam*). An amendment is futile when the pleading that it seeks to amend would still be subject to dismissal if the amendment were permitted. See Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) (*per curiam*) ("A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'") (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (*per curiam*)).

Here, Plaintiff's amendment is futile because (1) as discussed above, his allegations concerning his cellmate are insufficient to show he meets the imminent danger exception, and (2) his complaint is still subject to dismissal for providing false information about his prior filing history, see Coventry, 605 F.3d at 870. Plaintiff's motion to amend is therefore **DENIED**. (Doc. no. 6.)

3

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DENIES** Plaintiff's request to proceed *in forma pauperis* (doc. no. 2), and **DISMISSES** this action without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he must initiate a new lawsuit, which would require submission of a new complaint and payment in full of the filing fee. See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO ORDERED this 10th day of September, 2014, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

4