IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

ROYLEE SMITH,                          *
                                       *
        Plaintiff,                     *
                                       *        CIVIL ACTION NO.
        v.                             *        CV 314-078
                                       *
GLYNN POWELL, Unit Manager,            *
MIKE QUINN, Assit Warden Care          *
and Treatment, and J. MEDLIN,          *
Warden, WCF,                           *
                                       *
        Defendants.                    *

**O R D E R**

On August 4, 2014, Plaintiff Roylee Smith filed the
captioned case pursuant to 42 U.S.C. § 1983, against three
prison officials at Wheeler Correctional Facility in Alamo,
Georgia. Plaintiff's allegations involved tampering with his
legal mail and the involuntary exposure of his body to female
guards (loss of privacy). Relevant to the current pending
motions, Plaintiff also alleged that during the month of July
2014, he was confined to a cell with an inmate who he feared
would harm him, Lavincent Ricardo Adams. Plaintiff alleged that
Adams punched him and cut his lip, but he also alleged that
Adams was transferred out of Wheeler Correctional Facility on
July 23, 2014. Plaintiff claimed that Defendants knew of Adams'
propensity to harm and intentionally placed them in a cell

together despite Plaintiff's alleged need for protective custody.[1]

On August 6, 2014, the United States Magistrate Judge issued a Report and Recommendation concluding that Plaintiff's complaint should be dismissed because Plaintiff is subject to the "three strikes" provision of 28 U.S.C. § 1915(g), which precludes a prisoner from bringing a civil action _in forma pauperis_ if he has previously brought three or more civil actions or appeals that were dismissed either as frivolous, malicious, or for failure to state a claim for relief, unless he is "under imminent danger of serious physical injury." (Doc. No. 3.) The Report and Recommendation also concluded that his complaint was subject to dismissal because Plaintiff provided false information about his prior filing history. (_Id._)

In Plaintiff's objections to the Report and Recommendation, he named additional inmates, described by Plaintiff as violent, who have been placed in his cell in succession and caused him to fear for his life.[2] (Doc. Nos. 5 & 7.) In adopting the Report and Recommendation over Plaintiff's objections on September 10, 2014, this Court concluded that Plaintiff's allegations were

---

[1] Of note, this claim was _last_ in Plaintiff's list of grievances.

[2] Plaintiff also filed a motion to amend his complaint to assert allegations that his current cellmate, who had a violent history, caused him to fear for his life.

merely speculative and insufficient to show he meets the imminent danger exception. (Doc. No. 8, at 2.) Moreover, because Plaintiff's allegations were too speculative, this Court concluded that amending his complaint would be futile because it would still be subject to the three-strikes provision. (Id. at 3.) Plaintiff's complaint was therefore dismissed, and the case was closed on September 10, 2014.[3]

On September 17 and 18, 2014, Plaintiff filed two motions for relief, again insisting that he is in imminent danger of physical harm. (Doc. Nos. 10 & 11.) Plaintiff has also filed a seven-page "Affidavit" asserting similar allegations. (Doc. No. 12.) Finally, on September 24, 2014, Plaintiff filed a notice of appeal (doc. no. 13) and a motion to appeal in forma pauperis (doc. no. 14).

Taking up Plaintiff's last filed motion first, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). If an appeal is "without arguable merit either in law or fact," it is frivolous and therefore not taken in good faith. See Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir.

---

[3] Of note, the Adoption Order of September 10, 2014, and Clerk's Judgment contain an incorrect case caption as the Defendant is listed as "Telfair State Prison" rather than the three individual officials of Wheeler Correctional Facility. The Clerk is hereby directed to **ENTER** an **AMENDED JUDGMENT** in favor of Defendants Glynn Powell, Mike Quinn, and J. Medlin.

2002). Here, Plaintiff's complaint is clearly barred by the three-strikes provision, and any appeal therefrom would be without merit. Accordingly, Plaintiff's motion to proceed *in forma pauperis* on appeal (doc. no. 14) is hereby **DENIED**.

The Court now turns to Plaintiff's other post-judgment motions for relief. In these motions, Plaintiff raises new allegations related to his conditions of confinement. For instance, Plaintiff alleges that he has been "caughing (sic) up blood since 9-4-14" and that his right to privacy was violated between August 20 and 22, 2014, while he was on suicide watch. (Doc. No. 11; <u>see also</u> Doc. No. 10 (alleging, <u>inter alia</u>, that he has been "coughing up blood and dust since being force[d] to live inside a nasty dirty contaminated cell"). Raising these new allegations in a motion for post-judgment relief is the wrong procedural vehicle. These claims should be raised in a newly filed § 1983 complaint. Accordingly, Plaintiff's motions for relief (doc. nos. 10 & 11) are hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this ___ day of October, 2014.

_____
UNITED STATES DISTRICT JUDGE